IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IVIE M. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 02 C 7734 |
| | ) | |
| VILLAGE OF HOMEWOOD, ILLINOIS, | ) | Judge Charles R. Norgle, |
| et al., | ) | Presiding |
| | ) | |
| Defendants. | ) | Magistrate Judge Arlander Keys |

**FILED**

FEB 1 9 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## NOTICE OF FILING

TO:    Armand L. Andry, Esq., 1048 N. Austin Blvd., Oak Park, IL  60302

PLEASE TAKE NOTICE that on the 19th day of February, 2004, we filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, the following on behalf of the Defendants:

**Motion in Limine No 1 Regarding Insurance,
Motion in Limine No. 2 to Exclude Witnesses from Courtroom,
Motion in Limine No. 3 to Bar Hearsay Testimony at the Time of Trial,
Motion in Limine No. 4 to Bar any Evidence of the Value of Lost Property,
Motion in Limine No. 5 to Bar Evidence of Other Lawsuits, and
Trial Brief**

A copy of each of said documents is attached hereto and herewith served upon you.

O'REILLY LAW OFFICES
Attorneys for Defendants
1751 S. Naperville Rd, #101
Wheaton, IL  60187
Telephone:  630/665-4444

## CERTIFICATE OF SERVICE

The undersigned, on oath, states that she served this Notice of Filing and document(s) referred to herein by mailing a copy to the attorney listed above by depositing the same in the U. S. Mail at Wheaton, Illinois, on the 19th day of February, 2004, with proper postage prepaid.

SUBSCRIBED and SWORN to before
me this 19th day of February, 2004.

NOTARY PUBLIC

"OFFICIAL SEAL"
LINDA S. RAYMOND
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 6/14/2006

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
FEB 1 9 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED
FEB 20 2004

| | |
|---|---|
| IVIE M. BOLDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 02 C 7734 |
| | ) |
| VILLAGE OF HOMEWOOD, ILLINOIS, et al. | ) Judge Charles R. Norgle, |
| | ) Presiding |
| Defendants. | ) Magistrate Judge Arlander Keys |

## DEFENDANTS' TRIAL BRIEF

Now come the Defendants, VILLAGE OF HOMEWOOD, ILLINOIS; HOMEWOOD

POLICE OFFICER DAVID TOBIN, STAR #40; HOMEWOOD POLICE OFFICER JAMES

DENMAN, STAR #31, incorrectly sued herein as HOMEWOOD POLICE OFFICER JAMES

DENHAM; HOMEWOOD POLICE OFFICER SIEMSEN, incorrectly sued herein as

HOMEWOOD POLICE OFFICER SEIMSEN, and HOMEWOOD POLICE OFFICER

BARTELSON, incorrectly sued herein as HOMEWOOD POLICE OFFICER BARTLESON, by

and through their attorneys, O'REILLY LAW OFFICES, and respectfully submit their trial brief

in support of their position in this case.

## I. NATURE OF THE CASE

The Plaintiff, Ivie Bolden, has filed a Complaint at Law alleging that the Defendants,

Officer Tobin, Officer Denman, Officer Siemsen, and their employer, the Village of Homewood,

used excessive force during their arrest of the Plaintiff, Ivie Bolden, in the early morning hours

of March 24, 2001. The Plaintiff brings her claim under 42 U.S.C. § 1983. The Defendants

have filed a Motion for Summary Judgment that is currently pending before this Court arguing

36

that they are entitled to qualified immunity for their conduct on March 24, 2001, that Officer Bartelson is not a proper defendant in this case, and that the Village of Homewood should be dismissed from this case since it does not have a policy or custom to allow its officers to engage in alleged excessive force against citizens.

## II. THE UNCONTESTED FACTS ESTABLISH THAT THE DEFENDANT POLICE OFFICERS ARE ENTITLED TO QUALIFIED IMMUNITY

The main issue in this case is whether the Defendants engaged in excessive force during their arrest of the Plaintiff, Ivie Bolden, on March 24, 2001.

It is undisputed that in the early morning hours of March 24, 2001, the Plaintiff, Ivie Bolden, began to drive her vehicle to a friend's house. (See ¶6 of Uncontested Facts.) On her way, Ivie Bolden blew out her tire in the front passenger side of her vehicle. (See ¶7 of Uncontested Facts.) Ivie Bolden continued to drive on the blown-out tire for at least seven to ten minutes before she was pulled over by Homewood Police Officer Tobin. (See ¶8 of Uncontested Facts.) Officer Tobin first observed the vehicle being driven by Ivie Bolden when he observed sparks flying from her vehicle and a piece of rubber flying off her tire and hitting him as he was on a routine traffic stop at Halsted Street and 183rd Street. (See ¶9 of Uncontested Facts.) Officer Tobin followed the vehicle being driven by Ivie Bolden with his lights flashing and siren on for approximately one-half mile prior to her eventually pulling over on the right-hand shoulder of 174th Street. After Ivie Bolden had eventually stopped her vehicle, Officer Tobin approached her vehicle on the driver's side. While Officer Tobin began attempting to remove Ivie Bolden from her vehicle, Officer Denman arrived at the scene, and approximately one minute later, Officer Siemsen arrived at the scene. (See ¶11 of Uncontested Facts.) Thereafter, Ivie Bolden engaged in a five to seven-minute struggle with the three Homewood Police Officers.

At approximately 1:50 a.m. on the morning of March 24, 2001, the Plaintiff was arested

by the Homewood police officers. A blood test was completed by the lab at South Suburban

Hospital at 4:30 a.m. and showed that Ivie Bolden had a blood/alcohol level of .261 mg/dc. (See

¶16 of Uncontested Facts.) Ivie Bolden was charged with driving under the influence of alcohol,

improper lane usage, speeding over the posted limit, disobeying traffic control devices, no rear

registration light, resisting a police officer, reckless driving, and two counts of battery. (See ¶19

of Uncontested Facts.)

The uncontested facts in this case support that the Defendants acted reasonably in their

arrest of the Plaintiff and did not use excessive force during her arrest. The evidence will show

that the Defendant officers acted reasonably and are entitled to qualified immunity for their

conduct on March 24, 2001.

### III. THE DEFENDANT POLICE OFFICERS ARE ENTITLED TO QUALIFIED IMMUNITY

It is well established that whether an official protected by qualified immunity may be

held personally liable for an allegedly unlawful official act generally turns on the objective

reasonableness of the action assessed in light of the legal rules clearly established at the time it

was taken. Anderson v. Creighton, 483 U.S. 635, 640, N.2 (1987); Elliott v. Spencer, 1993 WL

114534 (N.D. Ill.); Jones v. Webb, 1993 WL 453, 418 (N.D. Ill.). In an excessive force case

brought under 42 U.S.C. § 1983, the inquiry becomes whether it would have been apparent to a

reasonable officer at the time of the Plaintiff's arrest that the Defendants' conduct violated the

Fourth Amendment's prohibition against excessive force. Elliott at p. 3.

In the Elliott case, the defendant police officer had observed the plaintiff's vehicle swerve

into oncoming lanes of traffic and refused to stop when one of the defendant police officers

activated his emergency lights of his marked squad car. Several police officers pursued the

3

plaintiff's vehicle while the plaintiff attempted to evade the officers in driving in excess of the posted speed limit. The plaintiff eventually pulled into a private driveway and attempted to flee into a residence of a third party. One of the defendant officers then tackled the plaintiff and attempted to handcuff the plaintiff. The plaintiff resisted by struggling and refusing to place her hands behind her back; however, she was eventually handcuffed. The plaintiff suffered injuries of a nosebleed and swollen lip, which were the result of the plaintiff being tackled and being placed on the ground to be handcuffed. The plaintiff in Elliott was very angry, shouted profanities, spoke incoherently and had consumed some alcohol. The Court in Elliott held that based upon the undisputed facts in that case, the defendant police officers were entitled to qualified immunity for their conduct. In so holding, the Court reasoned:

> The real question for purposes of qualified immunity analysis is whether a reasonable officer would have believed that tacking plaintiff, holding her on the ground and forcing her arms behind her to be handcuffed was not excessive in light of the fact she had driven erratically, avoided several attempts by the police to stop her vehicle, drove at speeds in excess of 90 m.p.h., ran from her vehicle and struggled with the officers attempting to handcuff her. . . . it cannot be said that it would have been apparent to a reasonable person that the force used in subduing the plaintiff was constitutionally excessive.

Elliott, 1993 WL 114534 at p. 3.

The instant case is very factually similar to the Elliott v. Spencer case. In the instant case, it is an undisputed fact that the Plaintiff had an blood-alcohol level of .261 mg/dl and was extremely intoxicated at the time that she was pulled over by the Village of Homewood Police Officer Tobin on March 24, 2001. In addition, it is undisputed that the Plaintiff was driving her vehicle on a blown-out tire and was convicted of reckless driving on the evening in question. It is an undisputed fact that the Plaintiff proceeded to drive her vehicle for approximately half a mile before she finally pulled over in response to the siren and lights of Officer Tobin's marked police

4

vehicle. It is undisputed that she was driving 60 m.p.h. when the speed limit at the time was 30 m.p.h. It is also undisputed that the Plaintiff struggled with the Village of Homewood police officers for approximately five to seven minutes prior to finally being handcuffed by them on the evening of March 24, 2001. Therefore, the individual Defendant officers in the instant case should be entitled to qualified immunity as the defendant officers in the Elliott case were in that the circumstances surrounding the two arrests are extremely similar.

Furthermore, it has long been held that a seizure under the Fourth Amendment requires purposeful conduct on the part of the defendant police officers. See Brower v. County of Inyo, 489 U.S. 593, 595 (1989); Brandon v. Village of Maywood,. 157 F.Supp. 2d 917 (N.D. Ill. 2001). In the Brandon case, the plaintiffs brought a § 1983 action against the Village and the police officers after a botched drug bust in which a bystander and a dog were wounded by gunfire. In Brandon, the plaintiff, Mr. Brandon, was accidentally shot in the leg when police officers shot at a dog during a drug bust. The Court held that it was not enough that the officers intended to fire their gun. Instead, they must have intended to hit Mr. Brandon for his injury to constitute a seizure for Fourth Amendment purposes. Therefore, the court held that the plaintiff, Brandon, did not have any recourse for an excessive force claim under § 1983. Brandon, 157 F.Supp. at 924-925.

Similarly, in the instant case, the Plaintiff, Ivie Bolden, cannot establish that the Defendant police officers had any intent to harm her while they were trying to handcuff her during the five to seven-minute struggle with them. Therefore, she is unable to establish that her constitutional rights have been violated, which defeats her claim for excessive force under 42 U.S.C. § 1983.

5

The Seventh Circuit's recent decision in the case of Payne v. Pauley, 337 F.3d 767 (7th Cir. 2003) can be distinguished from the instant case. In Payne, the plaintiff argued that the defendant police officer violated her Fourth Amendment rights by arresting her without probable cause and by using excessive force in effectuating the arrest. The Court held in Payne that the defendant police officer did not have probable cause to arrest the plaintiff for disorderly conduct based upon her verbal attacks upon him. In the instant case, it is clear that the Homewood police officer had probable cause to arrest the Plaintiff in that she was convicted of a DUI and reckless driving after a criminal court proceeding and had a blood-alcohol level of .261 mg/dl three hours after her arrest.

In Payne, the Seventh Circuit Court reasoned that in addressing an excessive force claim, the Court should look at the specific facts of the incident, including, "The severity of the crime at issue, whether the suspect poses an immediate threat to the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight." Payne, 337 F.3d at p. 778. In Payne, the Seventh Circuit Court concluded that the plaintiff was a woman who posed no danger to the defendant police officer or to the public, who did not resist arrest, and who was alleged to have committed a very minor, non-violent crime. Therefore, the defendant police officer was not entitled to qualified immunity for the force used during her arrest.

On the contrary, in the instant case, the Plaintiff, Ivie Bolden, was driving recklessly, was severely intoxicated at the time of her arrest, was admittedly resisting arrest in struggling with the Defendant police officers for five to ten minutes prior to her being handcuffed, and was clearly a danger not only to herself, but to everyone else on the roadway, as well as the police officers in question. Therefore, this case is factually distinguishable from the Payne v. Pauley case, and qualified immunity is appropriate under the specific facts of the instant case.

Therefore, the Defendants respectfully request that this Court enter a ruling that they are entitled to qualified immunity for their conduct in arresting the Plaintiff, Ivie Bolden, in the early morning hours of March 24, 2001.

## IV. THE VILLAGE OF HOMEWOOD IS NOT A PROPER PARTY DEFENDANT SINCE THERE IS NO EVIDENCE OF POLICY OR CUSTOM

The Seventh Circuit has repeatedly held that a municipality can be found liable under §1983 only where the municipality itself causes the constitutional violation at issue. Estate of Novack v. County of Wood, 226 F.3d 525, 530 (7th Cir. 2000); Surplus Store and Exchange, Inc. v. City of Delphi, 928 F.2d 788 (7th Cir. 1991). In the Novack case, the Court of Appeals for the Seventh Circuit upheld the District's Court order granting summary judgment in favor of the municipality in a § 1983 case and reasoned:

> . . . it is when execution of a government's policy or custom inflicts the injury that the government as an entity is responsible under § 1983. That a constitutional injury was caused by a municipality may be shown directly by demonstrating that the policy itself is unconstitutional. Municipal liability may also be demonstrated indirectly by showing a series of bad acts and inviting the court to infer from them that the policymaking level of government was bound to have noticed what was going on, and by failing to do anything, must have encouraged or at least condoned, thus, in either event, adopting, the misconduct of subordinate officer. Id.

In the instant case, there has been absolutely no evidence that there is a Village policy condoning alleged deprivation of civil rights in the use of excessive force during a traffic stop/arrest. Similarly, there has been no evidence that the Village of Homewood engaged in a series of bad acts such that the Village of Homewood knew that there was excessive force practices going on and failed to respond to deprivations of civil rights by supervisory employees of the Village of Homewood. Therefore, the Village of Homewood should be dismissed from this case as a matter of law as to any claims made against it under 42 U.S.C. §1983.

7

Respectfully submitted,

O'REILLY LAW OFFICES

By: _Molly M. O'Reilly_
Molly M. O'Reilly

Dated: February 19, 2004

O'REILLY LAW OFFICES
Attorneys for Defendants
1751 S. Naperville Rd.
Suite 101

8